(Reap. Dec. 9222)

HENSEL, BRUCKMANN & LORBACHER, INC. v. UNITED STATES

Entry No. 712504.

(Decided September 16, 1958)

*Sheils, Halter, McGoldrick & Fallon* (*James G. McGoldrick* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

FORD, Judge: This appeal for reappraisement relates to an importation of ribbons of various sizes which were exported from France on or about July 17, 1952 and entered at the port of New York on or about July 24, 1952. The merchandise was entered at the invoice value less nondutiable charges, plus 1.01 percent tax. The ribbons were appraised on the basis of foreign value.

Plaintiff contends that the merchandise consists of a job-lot shipment and that the purchase price represents the proper dutiable value.

In reappraisement cases, there is a statutory presumption of correctness attaching to the value found by the appraiser and the burden of proof is upon the plaintiff to establish the action of the appraiser to be erroneous and to establish some other value as the proper dutiable value. *H. S. Dorf & Co., Inc.* v. *United States*, 41 C. C. P. A. (Customs) 183, C. A. D. 548. In order to sustain this burden, plaintiff must meet every material issue involved in the case and, if he fails to do so, the value found by the appraiser must stand. *Brooks Paper Company* v. *United States*, 40 C. C. P. A. (Customs) 38, C. A. D. 495.

In an effort to establish a *prima facie* case, plaintiff offered the testimony of one witness and offered two documents which were received in evidence as plaintiff's exhibit 1 and collective exhibit 2. The testimony of the witness, for the most part, can be given little, if any, probative value since all of the material facts were not within the personal knowledge of the witness, it appearing that much of the information was obtained from his superior and is, therefore, hearsay and not competent testimony. The witness was, however, competent to testify that the involved ribbon was faded, consisted of small quantities of particular sizes and shades which required additional purchases elsewhere to have a sufficient quantity of the size or shade on hand to fill an order, and that it was not subject to reorder or return. The witness further characterized the merchandise as job-lot ribbon which was purchased from a manufacturer who was going out of business.

In the case of *Kobe Import Co.* v. *United States*, 42 C. C. P. A. (Customs) 194, C. A. D. 593, the question of job-lot merchandise was also involved. The appellate court cited with approval the following which was contained in the decision of this court:

Should we accept as correct the contention of counsel for appellant that the proper dutiable value of merchandise is the price actually paid by the purchaser, this would render meaningless most, if not all, the provisions of section 402 of the Tariff Act of 1930. This we decline to do.

While it is true that the evidence indicates that these chatons were purchased as job lots, and the record establishes that they were in a damaged condition, and in broken or non-commercial assortments, yet it is equally true that the evidence

fails to establish any price at which job lots, damaged chatons, and chatons in broken or non-commercial assortments, or merchandise similar thereto, was freely offered for sale to all purchasers in the principal markets of China, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States. This being true, it is clear that appellant has failed to meet by proof the material issue in this case.

Similarly, in the case at bar, plaintiff has failed to establish, through this witness, that the appraised value is incorrect nor was a correct value established.

Plaintiff's exhibit 1 and collective exhibit 2 were offered in evidence as affidavits of one of the former partners of the foreign manufacturer and were received in evidence without objection as to the form but with the right of objection to the contents reserved. Plaintiff's right to introduce evidence by means of affidavit in reappraisement proceedings is not and can not be questioned. It is expressly given by statute (28 U. S. C. § 2633). Counsel for the defendant in his brief contends that exhibits 1 and 2 are not affidavits and states that he relied on the statement of plaintiff's counsel that they were affidavits when he did not object to the form but reserved his right to object to the contents. An examination of the exhibits indicates that they are unsworn statements and do not raise to the dignity of nor do they meet the requirements of an affidavit.

The defendant concedes that the item described as 1½–3″ ligne, which was appraised at 365 francs, is erroneous and should be 265 francs per 10 meters.

On the record presented, I hold that plaintiff has failed to establish a *prima facie* case and, consequently, has not overcome the statutory presumption of correctness attaching to the appraiser's action.

I find as facts:

1) The involved merchandise consists of ribbons exported from France on or about July 17, 1952.

2) The appraisement of the merchandise described as 1½–3″ ligne is erroneous and a value of 265 francs per 10 meters has been established.

3) Plaintiff has failed to establish the incorrectness of the appraised value nor established another value except as to the merchandise covered by finding No. 2.

I conclude as a matter of law:

1) That the importer has failed to overcome the presumption of correctness attaching to the action of the appraiser, except that the ribbon described as 1½–3″ ligne, which was appraised at 365 francs per 10 meters, is properly dutiable on the value of 265 francs per 10 meters.

Judgment will be rendered accordingly.