(Reap. Dec. 9479)

HENSEL, BRUCKMANN & LORBACHER, INC. v. UNITED STATES

Entry No. 712466, etc.

(Decided July 6, 1959)

*Sheils, Halter, McGoldrick & Fallon* (*James G. McGoldrick* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

FORD, Judge: The appeals set forth in schedule "A," attached hereto and made a part hereof, consolidated for purpose of trial, relate to importations of ribbons of various sizes which were exported from France and entered at the port of New York.

The involved merchandise was entered at the invoice value, less nondutiable charges, plus 1.01 per centum tax. The ribbons were appraised on the basis of foreign value at various prices, dependent on their size. It is the contention of plaintiff that said merchandise consists of job-lot ribbons, which are properly dutiable at the purchase price.

This matter is a retrial of the case of *Hensel, Bruckmann & Lorbacher, Inc.* v. *United States*, 41 Cust. Ct. 539, Reap. Dec. 9222, which record has been incorporated herein. No additional evidence was presented in the instant case, with the exception of plaintiff's exhibit 1, an affidavit of Jean David de Beublain. This exhibit, now in affidavit form, is identical with a statement received as plaintiff's collective exhibit 2 in the incorporated case.

In the incorporated case, the writer held plaintiff had failed to establish a *prima facie* case and, consequently, sustained the appraised values, with the exception of an item described as 1½–3″ ligne, which was admitted to be erroneously appraised at 365 francs and which was held dutiable at 265 francs.

The record in the incorporated case consists of the testimony of one witness and two documents purporting to be affidavits. These documents were held not to rise to the dignity of an affidavit and consequently were not considered as evidence in the incorporated case. The following summary of the testimony given by the only witness called was set forth in the above incorporated case, as follows:

\* \* \* The testimony of the witness, for the most part, can be given little, if any, probative value since all of the material facts were not within the personal knowledge of the witness, it appearing that much of the information was obtained from his superior and is, therefore, hearsay and not competent testimony. The witness was, however, competent to testify that the involved ribbon was faded, consisted of small quantities of particular sizes and shades which required additional purchases elsewhere to have a sufficient quantity of the size or shade on hand to fill an order, and that it was not subject to reorder or return. The witness further characterized the merchandise as job-lot ribbon which was purchased from a manufacturer who was going out of business.

The affidavit of Jean David de Beublain, received in evidence as plaintiff's exhibit 1 in the case at bar, although proper in form, appears to be conclusions of the affiant of the ultimate issuable facts. An examination of plaintiff's exhibit 1 also establishes that the affidavit is made without the benefit of the records of the exporter, J. B. David, and such facts as were within the knowledge of the affiant do not establish a freely offered price to "all" purchasers, since the prices to the importer were the prices to volume purchasers only.

In view of the foregoing, I find that plaintiff's exhibit 1, which was not supported by any records, merely represents the conclusions of the affiant of the ultimate issuable facts. Such statements of conclusions do not constitute substantial evidence sufficient to overcome the valuation affixed by the appraiser, under the principles set forth in the case of *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495. See also *Kobe Import Co.* v. *United States*, 42 C.C.P.A. (Customs) 194, C.A.D. 593; *United States* v. *Fisher Scientific Co.*, 44 C.C.P.A. (Customs) 122, C.A.D. 648; *United States* v. *Baar & Beards, Inc.*, 46 C.C.P.A. (Customs) 92, C.A.D. 705.

The defendant in the incorporated case conceded that the item described as 1½–3″ ligne which was appraised at 365 francs was erroneous and should be 265 francs per 10 meters. An examination of the appeals now before us for consideration indicates that in the entry covered by the leading case, reappraisement 248968–A, such an item was appraised at 365 francs.

On the record presented, I hold that plaintiff has failed to establish a *prima facie* case and, consequently, has not overcome the statutory presumption of correctness attaching to the appraiser's action. ʻ

I find as facts:

1. The involved merchandise consists of ribbons exported from France.

2. The appraisement of merchandise described as 1½–3″ ligne in entry 712466 covered by reappraisement 248968–A is erroneous and a value of 265 francs for 10 meters has been established.

3. Plaintiff has failed to establish the incorrectness of the appraised value nor establish another value, except as to the merchandise covered by finding No. 2.

I conclude as a matter of law: That the importer has failed to overcome the presumption of correctness attaching to the action of the appraiser, except that the ribbon described as 1½–3″ ligne, which was appraised at 365 francs for 10 meters, is properly dutiable at the value of 265 francs per 10 meters.