(Reap. Dec. 10108)

S. PARKER HARDWARE MFG. CORP. *v.* UNITED STATES

Entry No. 856202, etc.

(Decided November 22, 1961)

*John D. Rode* for the plaintiff.

*William H. Orrick, Jr.,* Assistant Attorney General (*Morris Braverman*, trial attorney), for the defendant.

LAWRENCE, Judge: In this proceeding, 44 appeals for a reappraisement, enumerated in the annexed schedule and made a part hereof, were consolidated for trial.

The merchandise in controversy consists of certain door closers, exported from Sweden during the period from 1956 to 1960, which were appraised on the basis of the foreign value of similar merchandise, as defined in section 402(c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U.S.C. § 1402(c)).

The record made at the trial consists of the testimony of one witness called by the plaintiff, one document purporting to be an affidavit offered by the plaintiff, marked exhibit 1, and a report made by a United States Treasury representative at Frankfurt, Germany, which was introduced by the Government and marked exhibit A.

Plaintiff's witness, Sidney Silberman, testified that he was president of the plaintiff company and, since 1938, the business of the company had been the importing and distributing of hardware, including the hydraulic overhead door closers in controversy here. He stated that these door closers were made according to his specifications and that the plaintiff was the sole importer and had exclusive sale rights in this country. Briefly stated, Silberman's testimony was designed primarily to establish the absence of both export value and United States value, but, in view of the conclusion reached herein, it becomes unnecessary to analyze his testimony in detail.

In an attempt to prove the absence of a foreign value and to establish cost of production, plaintiff relies upon the information contained in the purported affidavit, exhibit 1.

The document is signed by B. Z. Lofgren, and, below his signature, appears the following:

Sworn to before me this
_____ day of _____ 1960.

---

Consul of the United States of America.

I, the undersigned, Olle Garenberg, Notary Public of the town of Eskilstuna, Sweden, certify that Mr. B. Z. Lofgren has personally signed his name hereabove.

Eskilstuna, this 25th day of October 1960.
Ex officio:
/s/ Olle Garenberg
(Olle Garenberg)

It clearly appears that Lofgren failed to be sworn before the United States consul and that the notary public merely certified that the document was signed by Mr. B. Z. Lofgren.

On the back of the last page of the document, the following appears:

KINGDOM OF SWEDEN ⎞
CITY OF STOCKHOLM ⎟
EMBASSY OF THE  ⎬ SS
UNITED STATES OF AMERICA ⎠

I, Thomas J. Hirschfeld, Vice Consul of the United States of America at Stockholm, Sweden, duly commissioned and qualified, do hereby certify that Olle Garenberg whose true signature and official seal are respectively, subscribed and affixed to the foregoing certificate, was, on the 25th day of October 1960 the date thereof, a Notary Public at Eskilstuna, Sweden, duly commissioned and qualified, to whose official acts faith and credit are due.

In witness whereof, I have hereunto set my hand and official seal of the American Consular Service this 28th day of October 1960

/s/ Thomas J. Hirschfeld
Thomas J. Hirschfeld
Vice Consul of the United States of America

The substance of this document is that the vice consul certifies to the authenticity of the signature of Garenberg, notary public.

In view of the foregoing circumstances, it is the opinion of the court that exhibit 1 does not rise to the dignity and force of an affidavit. While it is true that the document begins with the words "Mr. Birger Z. Lofgren, being first duly sworn deposes and says;," nevertheless, it appears that Lofgren failed to take an oath, so that, at best, the document is nothing short of a self-serving declaration signed by B. Z. Lofgren.

A somewhat similar situation was presented in the case of *R. L. Swearer Co.* v. *United States*, 11 Cust. Ct. 338, Reap. Dec. 5884.

In the course of his opinion in that case, the trial judge observed:

In addition to the incorporated record, the record before me consists of a so-called affidavit which purports on its face to have been executed by one Sidney T. Harrison of Stoke-on-Trent, England and to have been sworn to before one J. W. Moxon, who styles himself "A Commissioner for Oaths."

In the *Swearer* case, as in the instant case, counsel for the Government, at the trial, reserved the right to object to the competency and materiality of the purported affidavit in its brief.

After reviewing several authorities upon the subject, the court, in that case, made the following observation:

* * * It is my conviction that, so far as section 501 refers to affidavits, at least, it was never intended, by the elimination of the necessity for personal appearance and subjection to cross-examination, which, after all, are the chief safeguards by which testimonial assertions may be tested, to relax the rule to a point whereby no chain of evidence would be required to establish that the statements were, in fact, made under oath applied by an officer having authority so to do or by affirmation before such officer.

The court, accordingly, held that the document there in controversy was without evidential value.

In its brief, the Government contends that plaintiff's exhibit 1 is inadmissible, citing as authority *Hensel, Bruckmann & Lorbacher, Inc.* v. *United States*, 41 Cust. Ct. 539, Reap. Dec. 9222. In that case, plaintiff's exhibit 1 and collective exhibit 2 were offered in evidence as affidavits, with reference to which the court stated:

\* \* \* An examination of the exhibits indicates that they are unsworn statements and do not raise to the dignity of nor do they meet the requirements of an affidavit.

Eminent authorities define the word "affidavit" as follows:

Bouvier's Law Dictionary, third revision, volume 1, page 158:

A statement or declaration reduced to writing, and sworn to or affirmed before some officer who has authority to administer an oath or affirmation.

Black's Law Dictionary, fourth edition, page 80:

A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath.

In the opinion of the court, exhibit 1 is not an affidavit as above defined; it contains neither oath nor affirmation and does not come within the purview of 28 United States Code, section 2633, which provides, *inter alia*, that affidavits may be admitted in evidence in reappraisement cases.

In passing, it may be stated that even if exhibit 1 met the legal requirements of an affidavit, it lacks probative force on the question in issue, by reason of the fact that the document appears to have been signed on or about October 25, 1960, at which time Lofgren had been with the manufacturing company—the exporter—for 2 years, while, on the face of the document, he speaks of familiarity with merchandise sold by the exporter to the plaintiff herein "from January 1956 to-date." He also stated that, during the same period, there had not been in Sweden any other manufacturer of hydraulic overhead door closers. The foregoing statements, as well as other recitals in exhibit 1, do not show the sources from which the information was obtained.

It follows, therefore, that plaintiff has failed to establish the absence of a foreign value for the merchandise in controversy. Consequently, the value found by the appraiser is presumed to be the value of the merchandise within the meaning of said section 2633, and the court so holds.

Judgment will issue in accordance with the views above expressed.